UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MADISON AT LAKEWOOD EAST APARTMENTS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-9859** |
| **LANDMARK AMERICAN INSURANCE COMPANY** | **SECTION B(5)** |

## ORDER AND REASONS

Before the Court is Defendant's Motion for Partial Summary Judgment, which seeks judgment as a matter of law on the issue of coverage for replacement cost value. (Rec. Doc. 22). The motion is opposed. (Rec. Doc. 32).

**IT IS ORDERED** that Defendant's motion is **GRANTED.**

### BACKGROUND

Plaintiff owned and operated apartment buildings located in New Orleans East that were damaged during Hurricane Katrina. Two of the buildings were destroyed by fire prior to the entry of flood waters, and the remaining buildings suffered wind and flood damage. At the time the damage was incurred, the properties were covered by a policy issued by Defendant that provided property damage coverage of $20,879,200 per occurrence and contained an optional coverage allowing for replacement cost valuation ("RCV"), which allows for replacement of the damaged premises at a new premises. The policy also included business income coverage. Notice of the claims was timely made and around September 22, 2005, Defendant issued

1

general advances of $150,000 each on the fire claim and the wind claim and later issued payments on the fire claim of approximately $3,042,553.16 for property damage and $210,312.00 for business income loss.  In addition to the $150,000 general advance on the wind claim, Defendant has paid approximately $10,255,879.25 for property damage, $28,672.81 for structural damage, and $2,289,248.00 for business income loss on the wind claim.

Prior to making any permanent repairs to or replacement of the damaged property, Plaintiff sold the property to Triangle Real Estate of Gastonia, Inc. around June 6, 2006.  Plaintiff intends to rebuild in Madisonville, Louisiana and expects groundbreaking in November 2009 and completion by August 2010.  Plaintiff has been engaged in negotiations concerning relocation and has engaged the services of an architect and applied for financing but has not yet entered into any formal agreement with the owner of the property where Plaintiff intends to build.

Plaintiff alleges that Defendant has underpaid the actual cash value ("ACV") of the fire damage by $102,196.40, which represents withheld depreciation, and argues that it should also be paid $219,533.02 for replacement costs.  Plaintiff asserts that Defendant also owes an additional $869,739.07 actual cash value for wind-related property damage and $86,076 more for business income under the fire claim and $541,821.50 under the wind claim. Plaintiff also argues that the Court should allow the jury at trial to determine if it would be eligible to receive replacement cost

value upon replacement at the new location and the amount of said replacement costs. Defendant objects to rulings on replacement cost value in this proceeding for property Plaintiff has not yet begun to replace. This objection is the subject of Defendant's Motion for Partial Summary Judgement in which Defendant seeks a ruling that the policy provisions for actual cash value ("ACV") shall apply to the extent property has not been repaired or replaced at any location. Plaintiff argues that there are material issues of fact regarding whether it is entitled to replacement cost value.

## DISCUSSION

A.  **Standard For Summary Judgment**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial responsibility of informing the Court of the basis of its motion and must point to the record to demonstrate the absence of a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 323. The substantive law will determine which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

A material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.* Evidence based on hearsay cannot be considered as part of the summary judgment inquiry. *See Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 510 n. 5 (5th Cir. 2001) (citing *Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995)).

If the nonmoving party will bear the burden of proof of the dispositive issue at trial, the moving party may satisfy its summary judgment burden "by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." *See Celotex Corp.*, 477 U.S. at 325. Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, once the moving party has carried its burden pursuant to Rule 56(c), the nonmoving party must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas*, 139 F.3d 532, 536 (5th Cir. 1998), *overruled on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006). The nonmoving party must go beyond the pleadings and, by affidavits, depositions, answers to interrogatories, and admissions on file, demonstrate specific facts showing that there is a genuine issue of material fact to be resolved at trial. *See Celotex Corp.*, 477 U.S. at 325. Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid

summary judgment. *Travelers Ins. Co. v. Lijeberg Enter., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

## DISCUSSION

The parties agree that the policy does not require Defendant insurer to make payments on a RCV basis unless or until repairs are made. (Rec. Doc. 32 at 2). However, Plaintiff argues that the policy does not require Plaintiff to provide notice of its intent to make repairs or replace the property within 180 days of the loss but that the policy requires the insured to provide notice of its intent to make a claim for replacement cost coverage and further argues that material issues of fact exist which preclude summary judgment on the issue. Specifically, Plaintiff disputes that it elected to have its loss settled on an ACV basis and asserts that it timely notified Defendant insurer of its intent to replace the damaged property in compliance with the terms of the conditional coverage for replacement cost value and that its projected completed construction time of August 2010 is a reasonable deadline for said replacement. Plaintiff urges this Court to resolve these issues in the present proceeding prior to its replacement of the covered property and cites a federal case from the Northern District of Illinois in support. *See Tamco Corp. V. Federal Ins. Co.*, 216 F.Supp. 767 (N.D.Ill 1963).

At least one other section of this Court has reviewed a similar motion and ruled in favor of the defendant insurer, finding that the insured was "not entitled to replacement cost value of the

5

loss until it provides satisfactory proof that it has repaired or replaced the property." *Schwegmann Family Trust No. 2 v. Circuit City Stores, Inc.*, et al, Civil Action No. 06-4675 "K"(5), Rec. Doc. 184 at 9.[1] Courts may only issue a declaratory judgment in a case of actual controversy. 28 U.S.C. § 2201. The question in identifying a justiciable controversy is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989). To be justiciable, the controversy "must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop."

The policy at issue *sub judice* provides in pertinent part:

G. Optional Coverages

If shown as applicable in the Declarations, the following Optional Coverage apply separately to each item.
...
3. Replacement Cost
   a. Replacement Cost (without deduction for depreciation) replaces Actual Cash Value in the Loss Condition, Valuation, of this Coverage Form.
...

---

[1] *See also Preis v. Lexington Insurance Co.*, Civil Action No. 06-360 (S.D.Ala. August 13, 2007) (rejecting Plaintiffs request that the jury determine replacement cost to "save the trouble of a second lawsuit should they ultimately complete repairs" and disagree with the insurer as to costs).

6

> d. We will not pay on a replacement cost basis for any loss or damage:
> (1) Until the lost or damaged property is actually repaired or replaced; and
> (2) Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage.

The parties agree that Defendant insurer is not obligated to pay for replacement cost value unless and until the property has been replaced or repaired. Plaintiff has not yet replaced the damaged property and does not foresee such replacement being completed until over a year from now. Furthermore, Plaintiff does not presently have a contract on the proposed site for the new premises and has already experienced various delays in the project. Accordingly, the issue of the amount of replacement value that the insurer should pay Plaintiff if and when Plaintiff replaces the subject premises is not of "sufficient immediacy and reality to warrant" determination by the Court in the present proceeding. The Court finds that the Plaintiff is not entitled to replacement cost value of its loss until it repairs or replaces the property. Accordingly,

**IT IS ORDERED** that Defendant's Motion for Partial Summary Judgment is **GRANTED**.

New Orleans, Louisiana, this 30th day of July, 2009.

UNITED STATES DISTRICT JUDGE

7